Jonathan Gross, State Bar No. 122010
jgross@moundcotton.com
Lawrence Hecimovich, State Bar No. 129688
lhecimovich@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Telephone: (510) 900-9371

Barry Temkin, *pro hac vice*
btemkin@mouncotton.com
MOUND COTTON WOLLABN & GREENGRASS LLP
One New York Plaza, 44th Floor
New York, New York 10004
Telephone: (212) 804-4200

Attorneys for Defendant
DONE GLOBAL, INC.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DONE GLOBAL, INC.,<br><br>Defendant. | Case No.: 3:24-cv-03040-RFL<br><br>**DEFENDANT'S MOTION TO DISMISS (F.R.C.P. 12(b)(6))**<br><br>Date: January 21, 2025<br>Time: 10:00 a.m.<br>Ctrm: 15<br>Judge: Rita F. Lin |

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 21, 2025 at 10:00 a.m., or as soon as this matter can be heard in Department 15 of the above court, before the Honorable Ria F. Lin, Defendant Done Global, Inc. will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint. The Complaint fails to state a claim upon which relief can be granted. Multiple California state and federal courts have rejected claims based on the CIPA and related California Constitution, statutory and common law claims under virtually

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

identical facts. The issues before the Court on this motion are:

a. Plaintiff's CIPA claim fails because Done Global was a party to the communications at issue

b. CIPA does not govern internet communications

c. Plaintiff cannot state a claim under the California Constitution or common law invasion of privacy – intrusion upon seclusion

d. Plaintiff cannot state a claim under California's Unfair Competition law

e. Plaintiff's claim for breach of confidence fails

Date: November 25, 2024

MOUND COTTON WOLLAN & GREENGRASS LLP

By /s/ Lawrence Hecimovich
Jonathan Gross
Barry Temkin
Lawrence Hecimovich
Attorneys for Defendant
DONE GLOBAL, INC.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

**TABLE OF CONTENTS**

I. PLAINTIFF'S COMPLAINT ..... 1

II. ARGUMENT ..... 2

A. PLAINTIFF'S CIPA CLAIM FAILS BECAUSE DONE GLOBAL WAS A PARTY TO THE COMMUNICATIONS AT ISSUE ..... 2

B. CIPA DOES NOT GOVERN INTERNET COMMUNICATIONS ..... 3

C. PLAINTIFF CANNOT STATE A CLAIM UNDER THE CALIFORNIA CONSTITUTION OR COMMON LAW INVASION OF PRIVACY – INTRUSION UPON SECLUSION ..... 5

D. PLAINTIFF CANNOT STATE A CLAIM UNDER CALIFORNIA'S UNFAIR COMPETITION LAW ..... 6

E. PLAINTIFF'S CLAIM FOR BREACH OF CONFIDENCE FAILS ..... 7

F. LEAVE TO AMEND SHOULD BE DENIED ..... 8

III. CONCLUSION ..... 8

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

# TABLE OF AUTHORITIES

**Cases**

*A.S. v. SelectQuote Ins. Servs.*
2024 WL 3881850 (S.D. Cal. 2024) .......... 4

*B.K. v. Eisenhower Medical Center*
2024 WL 878100 (C.D. Cal. 2024) .......... 8

*Berkla v. Corel Corp.*
302 F.3d 909 (9th Cir. 2002) .......... 8

*Birdsong v. Apple, Inc.*
590 F.3d 955 (9th Cir. 2009) .......... 7

*Californians for Disability Rights v. Mervyn's, LLC*
39 Cal.4th 223 (2006) .......... 7

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*
20 Cal.4th 163 (Cal. 1999) .......... 7

*Christensen v. Southern California Edison Company*
2012 WL 12882011 (C.D. Cal. 2012) .......... 6

*Davis v. HSBC Bank*
691 F.3d 1152 (9th Cir. 2012) .......... 7

*Esparza v. Gen. Digital Inc.*
2024 WL 655986 (C.D. Cal. 2024) .......... 5

*Esparza v. UAG Escondido A1 Inc.*
2024 WL 559241 (S.D. Cal. 2024) .......... 5

*Heiting v. Taro Pharms. USA, Inc.*
2023 WL 9319049 (C.D. Cal. 2023) .......... 5

*Hernandez v. Hillsides, Inc.*
211 P.3d 1063 (Cal. 2009) .......... 6

*In re Facebook, Inc. Internet Tracking Litig.*
956 F.3d 589 (9th Cir. 2020) .......... 6

*In re Google Assistant Privacy Litig.*
457 F.Supp.3d 797 (N.D. Cal. 2020) .......... 4, 6

*In re Google Inc. Gmail Litig.*
2013 WL 5423918 (N.D. Cal. 2013) .......... 4

*James v. Allstate Ins. Co.*
2023 WL 8879246 (N.D. Cal. 2023) .......... 5, 7

*Kwikset Corp. v. Superior Court*
51 Cal.4th 310 (Cal. 2011) .......... 7

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

*Licea v. Am. Eagle Outfitters, Inc.*
659 F.Supp.3d 1072 (C.D. Cal. 2023) .... 4

*Marden v. LMND Medical Group, Inc.*
2024 WL 4448684 (N.D. Cal. 2024) .... 6

*Mastel v. Miniclip SA*
549 F.Supp.3d 1129 (E.D. Cal. 2021) .... 4

*Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*
402 F.Supp.3d 615 (N.D. Cal. 2019) .... 6

*Rodriguez v. Ford Motor Co.*
2024 WL 1223485 (S.D. Cal. 2024) .... 3, 4, 5

*Rogers v. Ulrich*
125 Cal. Rptr. 306 (Cal. Ct. App. 1975) .... 3

*Shulman v. Group W Prods.*, Inc.
18 Cal.4th 200 (1998) .... 6

*Tavernetti v. Superior Court*
22 Cal.3d 187 (1978) .... 3

*Valenzuela v. Super Bright LEDs Inc.*
2023 WL 8424472 (N.D. CA. 2023) .... 2, 3, 4

*Walker v. Geico General Ins. Co.*
558 F.3d 1025 (9th Cir. 2009) .... 7

*Wal–Noon Corp. v. Hill*
45 Cal.App.3d 605 (Cal.App. 1975) .... 8

*Warden v. Kahn*
160 Cal. Rptr. 471 (Cal. Ct. App. 1979) .... 3

*Williams v. What If Holdings, LLC*
2022 WL 17869275 (N.D. Cal. 2022) .... 3

**<u>Statutes</u>**

Cal. Bus. & Prof. Code § 17200 .... 7

*Cal. Bus. & Prof. Code* § 17204 .... 7

Cal. Penal Code § 631(a) .... 4

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

## I. PLAINTIFF'S COMPLAINT

This is a purported class action on behalf of users of Done Global's telehealth and technology web page. Done Global provides mental health and prescription treatment options for persons with attention deficit hyperactivity disorder. The complaint alleges that Done Global's web portal employs meta pixel internet tracking software that tracks confidential patient information. The Complaint alleges that this information is transmitted by Done Global to the social media company Meta, which allegedly targets Done Global customers with specific advertisements. The Complaint alleges that the pixel tracking software secretly intercepts, records and transmits confidential communications to Meta. As a result, Meta allegedly knows when specific patients are seeking health care through Done Global.

The Complaint alleges that Done Global users visit the Done Global website with their cell phones and upload personal confidential health information relating to ADHD.[1] That information is allegedly scoured by Pixel tracking software, which sends the information to Meta.

The Complaint alleges that the use of this pixel software tracking data violates the California Invasion of Privacy Act, the California Constitution promise of privacy and California's unfair competition statute. There are also claims for common law breach of privacy and breach of confidential information.

Plaintiff's Complaint is based largely on hearsay. It alleges for the truth therein the findings of *Business Daily* reports (¶ 98), OECD papers (¶¶ 100-101), *Time Magazine* articles (¶104) and FTC announcements (¶¶ 22-27).

The Complaint does not allege the use of telecommunications through a wire. Rather, Plaintiff alleges that he accessed Done's website wirelessly. And Plaintiff does not allege that Done impermissibly intercepted his confidential information. Rather, Plaintiff concedes that he voluntarily granted Done access to his information. The primary claim here is that Plaintiff did not expressly grant permission for Done to share his information with Meta or other third-party social media. However, such claims have been repeatedly dismissed by courts in this state for failure to

[1] See Complaint, ¶ 15 [ECF dkt 1] ("M.H. also used the Website to take Done's initial mental health assessment."); Complt. ¶¶ 144-146.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

state a claim. *Valenzuela v. Super Bright LEDs Inc*., 2023 WL 8424472 (N.D. CA. 2023) (granting motion to dismiss); *Rodrgiuez v. Ford Motor Co*., 2024 WL 1223485 (S.D. CA. 2024) (granting motion to dismiss).

Plaintiff does not allege an economic loss. Rather, Plaintiff claims that his privacy has been compromised by receiving targeted ads on Meta. These claims are insufficient as a matter of law and should be dismissed with prejudice.

## II. ARGUMENT

### A. PLAINTIFF'S CIPA CLAIM FAILS BECAUSE DONE GLOBAL WAS A PARTY TO THE COMMUNICATIONS AT ISSUE

California Penal Code section 631(a) ("Wiretapping") states: "any person...

> [1] who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone *wire, line, cable, or instrument*, including the wire, line, cable, or instrument of any internal telephonic communication system, or
>
> [2] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any *wire, line, or cable*, or is being sent from, or received at any place within this state;
>
> [3] or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> [4] or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine...."

California Penal Code section 631(a) (emphasis added).

Accordingly, CIPA prohibits outside third parties from hacking into other peoples' phone calls. But it does not apply to a party to the communication. This Court has observed that "a party to the communication is exempt from liability under CIPA." *Williams v. What If Holdings, LLC,* 2022 WL 17869275 (N.D. Cal. 2022) (granting motion to dismiss). *Rodriguez v. Ford Motor Co*., 2024 WL 1223485 (S.D. Cal. 2024) ("A party to a communication cannot "eavesdrop" on its own

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

communications.") As this Court has held: "Parties to a conversation cannot eavesdrop on their own conversation, so no other part of Section 631(a) is applicable to [defendant]." *Williams, supra* at *2; *accord, Warden v. Kahn*, 160 Cal. Rptr. 471, 475 (Cal. Ct. App. 1979) (distinguishing "eavesdropping by a third party" from "recording by a participant to a conversation"); *Rogers v. Ulrich*, 125 Cal. Rptr. 306, 309 (Cal. Ct. App. 1975). Thus the CIPA only applies to third party interception of communications. Plaintiff voluntarily accessed Done's webpage and voluntarily shared his information. Accordingly there is no claim here under CIPA.

**B. CIPA DOES NOT GOVERN INTERNET COMMUNICATIONS**

Plaintiff alleges that he accessed Done's website wirelessly.[2] But CIPA is a *wire*tapping statute. The express language of CIPA is directly tied to the use of wire communications. The statute forbids "unauthorized connection . . . with any telegraph or telephone, *wire, line, cable* or instrument. . ." (emphasis added) CIPA by its express terms does not apply to wireless communications. *See Rodriguez v. Ford Motor Co*., *supra,* 2024 WL 1223485 (dismissing claims under CIPA based on wireless communications); *Valenzuela v. Super Bright LEDs Inc*., 2023 WL 8424472 (N.D. Cal. 2023) (same).

A host of cases have found that Section 631(a) concerns telephonic wiretapping specifically, which does not apply to the context of the internet. See *Valenzuela v. Super Bright LEDs Inc., supra, 2023 WL 8424472* at *3 ("The first clause of Section 631 'protects only communications that are made over a 'wire, line, or cable.' . . . It does not apply to internet communications."); *In re Google Assistant Privacy Litig*., 457 F.Supp.3d 797, 825 (N.D. Cal. 2020) (explaining that "the plain text of the statute ... expressly requires that the unauthorized 'connection' be made with 'any telegraph or telephone wire, line, cable, or instrument' " (quoting Cal. Penal Code § 631(a)); *In re Google Inc. Gmail Litig*., 2013 WL 5423918, at *20 (N.D. Cal. 2013) (describing the "limitation of 'telegraphic or telephone' on 'wire, line, cable, or instrument'"); see also *Rodriguez v. Ford Motor Company, supra,* 2024 WL 1223485 at *5 ("Federal district courts in California have overwhelmingly held that CIPA section 632.7 only

[2] See Complaint, ¶ 15 (Plaintiff "used the Website to take Done's initial mental health assessment.")

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

applies to communication involving telephones, not the internet chat communications at issue here."); *Licea v. Am. Eagle Outfitters, Inc*., 659 F.Supp.3d 1072, 1075 (C.D. Cal. 2023) ("[T]he first clause of Section 631(a) does not apply to communications made through the computer functions of a smart phone."); *Mastel v. Miniclip SA*, 549 F.Supp.3d 1129, 1135 (E.D. Cal. 2021) ("Although iPhones contain the word 'phone' in their name, and have the capability of performing telephonic functions, they are, in reality, small computers.");

The district court in *A.S. v. SelectQuote Ins. Servs.,* 2024 WL 3881850, at *1 (S.D. Cal. 2024) dismissed claims mirroring Plaintiff's claims here. In *AS*, the Plaintiffs uploaded personal identifying information to the defendant's website when filling out insurance applications. That confidential information included the plaintiffs' medical diagnoses and conditions (*e.g*., cancer, high blood pressure, and diabetes), use of alcohol and substance abuse. The plaintiffs alleged that SelectQuote "built its website to allow third parties to surreptitiously intercept the information they input," and "commoditizes and trades" Plaintiffs' health information with third parties. Plaintiffs alleged that the third parties, including Facebook, used computer codes, programs, web, ad-servers, and/or tracking technology to intercept Plaintiffs' communications. Plaintiffs further alleged that "[Facebook] then leveraged this information to target advertisements." *Id.* at *2. The court dismissed those allegations on SelectQuote's motion to dismiss as not stating a claim.

Claims identical to Plaintiff's claim here were similarly dismissed in *James v. Allstate Ins. Co*., 2023 WL 8879246, at *1 (N.D. Cal. 2023). There, the plaintiff's personal identifying information (PII) was recorded when visiting the website of the defendant insurance company:

> Plaintiff's electronic communications were recorded in real time to attempt to learn the identity, email address, zip code, age, height, weight, use of prescription medications and tobacco products, and other [Personally Identifiable Information] and [Personal Health Information] of Plaintiff while he sought an insurance quote.

The court held that CIPA applies to wiretapping but does not apply to wireless communications, *e.g*, communications made by means of a cell phone. As the Court explained: "Because Section 631(a)'s plain text does not prohibit the non-telephone wire, line, cable or instrument conduct described here, Plaintiff does not state a claim." *Id*. at *3; see also *Esparza v. UAG Escondido A1*

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

*Inc.*, 2024 WL 559241, at *2 (S.D. Cal. 2024) ("[C]lause one does not apply to internet connections."); *Esparza v. Gen. Digital Inc.*, 2024 WL 655986, at *3 (C.D. Cal. 2024) ("[B]ecause Section 631(a) concerns telephonic wiretapping, it does not apply to the context of the internet[.]") (internal quotation marks and citation omitted); *Heiting v. Taro Pharms. USA, Inc.*, 2023 WL 9319049 at *2 (C.D. Cal. 2023) ("[B]ecause Plaintiff alleges interception of a chat communication on Defendant's website, instead of over the phone, Plaintiff cannot state a claim under the first clause of section 631(a).").

Finally, the court in *Rodriguez v. Ford Motor Compan, supra,* 2024 WL 1223485, dismissed claims of unconsented tracking and harvesting of confidential customer information. Like the instant case, the plaintiff in *Rodriguez* claimed that the defendant's webpage harvested his information and furnished it to Meta. The court dismissed the case, reasoning that using the internet does not qualify as using a machine within the meaning of CIPA. The court held that the first clause of Section 631(a) is limited to telephones and does not apply to the internet.

Under well-established California law, CIPA does not apply to information communicated over the internet. Plaintiff's CIPA Claim for Relief fails to state a claim.

### C. PLAINTIFF CANNOT STATE A CLAIM UNDER THE CALIFORNIA CONSTITUTION OR COMMON LAW INVASION OF PRIVACY – INTRUSION UPON SECLUSION

Plaintiff's second and third claims for relief allege invasion of privacy under the California Constitution and intrusion upon seclusion. These claims have similar elements, and when considering them together, courts assess whether the plaintiff has pleaded (1) a reasonable expectation of privacy and (2) whether the intrusion was highly offensive. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). For such claims, a plaintiff must allege facts showing "a legally protected privacy interest." *In re Facebook Inc. Internet Tracking Litig.*, *supra,* at 601 (quoting *Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1073 (Cal. 2009)). Whether a plaintiff possesses a legally-protected privacy interest is "a question of law to be decided by the court." *Hill v. Nat'l Collegiate Athletic Ass'n*, Cal.4th 1 (1994). "If the claimant establishes all three required elements, the strength of that privacy interest is balanced against countervailing interests." *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress,* 402 F.Supp.3d

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

615, 707 (N.D. Cal. 2019), aff'd, 2022 WL 13613963 (9th Cir. 2022). "To prove actionable intrusion, the plaintiff must show the defendant … obtained unwanted access to data about the plaintiff. The tort is proven only if the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." *Shulman v. Group W Prods*., Inc., 18 Cal.4th 200, 232 (1998); *accord, Christensen v. Southern California Edison Company*, 2012 WL 12882011, at *4 (C.D. Cal. 2012)*, aff'd*, 553 Fed.Appx. 748 (9th Cir. 2014).

Here, the plaintiff willingly shared his information with Done. Done did not access information that Plaintiff attempted to shield from Done Global. Rather, Plaintiff's claims are based on Done's alleged sharing of that information after Plaintiff willingly provided it. This Court dismissed with prejudice similar claims under New York law in *Marden v. LMND Medical Group, Inc*., 2024 WL 4448684, at *5 (N.D. Cal. 2024). In that case, this Court wrote that: "The complaint does not allege that Lemonaid intruded into Plaintiffs' private affairs, but instead alleges that Plaintiffs disclosed health information to Lemonaid that was improperly transmitted to Google and Facebook. That is a claim about Lemonaid's disclosure, not about how Lemonaid obtained the information." While *Marden* was decided under New York law, its reasoning is persuasive here. As in *Marden,* Plaintiff does not allege that Done "intruded into the plaintiff's private affairs." Rather, the complaint here alleges that Plaintiff voluntarily disclosed information to Done that was improperly transmitted to third parties. That allegation is insufficient to state a claim, and should be dismissed.

### D. PLAINTIFF CANNOT STATE A CLAIM UNDER CALIFORNIA'S UNFAIR COMPETITION LAW

Plaintiff's fifth claim for relief is for the UCL's prohibition of any "unlawful, unfair or fraudulent business act or practice," Cal. Bus. & Prof. Code § 17200, specifically the "unlawful" prong (Complaint ¶¶ 198-199.). The UCL provides an independent cause of action but requires an underlying violation because "[S]ection 17200 borrows violations of other laws and treats them as unlawful practices." See *Davis v. HSBC Bank*, 691 F.3d 1152, 1168 (9th Cir. 2012) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co*., 20 Cal.4th 163, 180 (Cal. 1999)). This Court has dismissed similar claims. See, *James v. Allstate Ins. Co*., *supra*, 2023 WL 8879246, at *7 (N.D.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

Cal. 2023) (rejecting claim based on "mere misappropriation of personal information." Plaintiff's UCL claim fails because the Complaint's underlying claims of unlawful conduct fail.

Additionally, a UCL claim may only be brought by "a person who has suffered injury in fact and has *lost money or property* as a result of the unfair competition." *Cal. Bus. & Prof. Code* § 17204 (emphasis added). In order to have standing under the UCL, a plaintiff "must demonstrate some form of *economic injury*." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 323 (Cal. 2011) (emphasis added); see also *Birdsong v. Apple, Inc*., 590 F.3d 955, 959 (9th Cir. 2009) ("To have standing under California's UCL, as amended by California's Proposition 64, plaintiffs must establish that they (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition."); *Walker v. Geico General Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009) ("As amended pursuant to the 2004 voter approval of Proposition 64, the UCL in § 17204 now requires a plaintiff to establish that it has "suffered injury in fact and has lost money or property," citing *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223 (2006). Plaintiff does not and cannot allege a loss of money or property. Accordingly, his claim for unfair business practices must be dismissed.

**E. PLAINTIFF'S CLAIM FOR BREACH OF CONFIDENCE FAILS**

A plaintiff bringing a claim for breach of confidence must allege "(1) the plaintiff conveyed 'confidential and novel information' to the defendant; (2) the defendant had knowledge that the information was being disclosed in confidence; (3) there was an implicit understanding between the defendant and the plaintiff that the confidence be maintained; and (4) there was a disclosure or use in violation of the understanding. *B.K. v. Eisenhower Medical Center*, 2024 WL 878100, at *8 (C.D. Cal. 2024).

Of critical importance here, "this tort is based upon the concept of an implied obligation or contract between the parties that confidential information will not be disclosed." *Berkla v. Corel Corp.*, 302 F.3d 909, 917 (9th Cir. 2002). "There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time." *Id.; accord, Wal–Noon Corp. v. Hill,* 45 Cal.App.3d 605, 612 (Cal.App. 1975). Here, Plaintiff alleges the existence of an express agreement between the parties. Complaint, ¶¶ 30-32. Accordingly, Plaintiff's claim

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

of an implied contract and breach of confidence fails.

In addition, Plaintiff does not allege facts demonstrating a specific, particular breach of confidence. Rather, Plaintiff simply alleges that he received targeted ads on Meta. That is an insufficient factual predicate for a breach of confidence claim.

**F. LEAVE TO AMEND SHOULD BE DENIED**

Leave to amend should be denied because repleading would be futile.

Plaintiff alleges that he wirelessly and voluntarily accessed Done Global's webpage through the internet and provided information directly to Done. That is not a pleading defect. That is an unsurmountable barrier as a matter of law. The CIPA only applies to involuntary interception of telephone communications through wires and cables. Done's webpage is only accessible wirelessly through the internet.

Numerous other courts in this state have dismissed similar cookie-cutter claims. Plaintiff's claims should be dismissed with prejudice.

## III. CONCLUSION

For each of the reasons set forth above, the Court should enter an Order dismissing each of the claims in Plaintiff's Complaint without leave to amend.

Date: November 25, 2024

MOUND COTTON WOLLAN & GREENGRASS LLP

By_______________________________
Jonathan Gross
Barry Temkin
Lawrence Hecimovich
Attorneys for Defendant
DONE GLOBAL, INC.