Jonathan Gross, State Bar No. 122010
jgross@moundcotton.com
Lawrence Hecimovich, State Bar No. 129688
lhecimovich@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Telephone: (510) 900-9371
Facsimile: (510) 900-9381

Attorneys for Defendant
DONE GLOBAL, INC.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Telephone: (510) 900-9371 Facsimile: (510) 900-9381

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DONE GLOBAL, INC.,<br><br>Defendant. | Case No.: 3:24-cv-03040-RFL<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS (F.R.C.P. 12(b)(6))**<br><br>Date: January 21, 2025<br>Time: 10:00 a.m.<br>Crtrm. 15<br>Judge: Rita F. Lin |

## A. PLAINTIFF CONCEDES THAT HIS CLAIMS UNDER SECTION 631(a)(1), (2) AND (3) MUST BE DISMISSED

Plaintiff's opposition memorandum expressly limits Plaintiff's CIPA claim to a single cause of action against Done: that Done violated Section 631(a)(4) of the California Information Privacy Act by aiding and abetting "independent third-party technology companies in their violation of Section 631(a)(2)." (Pl. Opp. Mem. at 4:11-13, 7:26-8:2.) Accordingly, Done's motion to dismiss must be granted as to Sections 631(a)(1)-(3).

## B. PLAINTIFF'S CIPA CLAIM FAILS BECAUSE PLAINTIFF FAILS TO NAME THE THIRD-PARTY TECH COMPANIES WITH REGARD TO SECTION 631(a)(2), AND THOSE COMPANIES ARE NECESSARY PARTIES TO PLAINTIFF'S CIPA CLAIM

California Penal Code section 631(a) ("Wiretapping") states: "any person...

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

> [1] who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone *wire, line, cable, or instrument*, including the wire, line, cable, or instrument of any internal telephonic communication system, or
>
> [2] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any *wire, line, or cable*, or is being sent from, or received at any place within this state;
>
> [3] or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> [4] or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine...."

Plaintiff alleges that Done has violated subsection four of the statute by conspiring with certain technology companies in conjunction with those companies' alleged violation of Section 631(a)(2). (Pl. Opp. Mem. at 4:11-13, 7:26-8:2.) However, Plaintiff does not name the tech companies as Defendants to this action, and concedes that Done itself did not violate subsection two.

Under Rule 12(b)(7), the Court may dismiss a complaint for failure to join a necessary party under Rule 19. *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). A party may be necessary under Rule 19(a) in three different ways. First, a party is necessary if, in the party's absence, the court cannot accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). Second, a party is necessary if the party has an interest in the action, and resolving the action in the party's absence may as a practical matter impair or impede the party's ability to protect that interest. Fed. R. Civ. P. 19(a)(1)(B)(i). Third, a party is necessary if the party has an interest in the action and resolving the action in the party's absence may leave an existing party subject to inconsistent obligations because of that interest. Fed. R. Civ. P. 19(a)(1)(B)(ii); see *Heerde v. Learfield Communications LLC*, 2024 WL 3573874, at *11 (C.D.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

Cal. 2024).

Courts in the Ninth Circuit have repeatedly invoked these principles. See, *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion*, S.A. de C.V., 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000) ("A necessary party is one " 'having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." (quoting *CP Nat'l Corp. v. Bonneville Power Admin*., 928 F.2d 905, 912 (9th Cir. 1991)); see also, *Great American Insurance Company v. Spherion Pacific Workforce, LLC*, 2016 WL 4423378 at *3 (N.D. Cal. 20160 ("courts have found parties to be necessary under Rule 19(a) when their conduct forms an essential part of the parties' causes of action.")

By failing to name "independent third-party" tech companies to this action, Plaintiff fails to state a claim against Done, whose liability, if any, would flow solely from those companies' actions in alleged violation of Section 631(a)(2). It would be anomalous to adjudicate Done's liability for aiding and abetting while sidestepping the liability of the alleged primary tortfeasors. Plaintiff concedes that he authorized the release of data to Done. It was the release of that data to third-parties which allegedly caused harm to Plaintiff. Yet those third parties have been omitted from the case, in an apparent tactical move. This requires dismissal of Plaintiff's claims against Done.

### C. PLAINTIFF DOES NOT AND CANNOT SHOW THAT DONE HAD ACTUAL KNOWLEDGE THAT THE TECH COMPANIES ALLEGEDLY USED THE INFORMATIION AT ISSUE IN VIOLATION OF SECTION 631(a)(2)

"California courts have long held that liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted." *Casey v. U.S. Bank Nat. Assn.*, 127 Cal.App.4th 1138, 1145 (Cal. App. 2005); *In re First Alliance Mort. Co*., 471 F.3d 977, 933 (9th Cir. 2006) ("[A]iding and abetting liability under California law, as applied by the California state courts, requires a finding of actual knowledge," which "requires more than a vague suspicion of wrongdoing."). *Accord*, *Namer v. Bank of America, N.A.*, 2017 WL 2937098, at *5 (S.D. Cal. 2017). See also, *Perfect 10, Inc. v. Visa Intern.*

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

*Service Ass'n*, 494 F.3d 788, 809 (9th Cir. 2007) ("Defendants lack sufficient control or personal involvement in the infringing activities to be so liable.").

In *Rodriguez v. Ford Motor Company* (S.D. Cal. 2024) 722 F.Supp.3d 1104, 1124, in adjudicating the plaintiff's claim under Section 631(a)(4), the court stated:

> Plaintiff's contention that "the Court can infer Defendant's knowledge based on the fact that LivePerson ... engaged in behavior that constitutes wiretapping and eavesdropping" is not persuasive because, at this stage, there has been no finding that LivePerson engaged in wiretapping or eavesdropping.

Plaintiff's aiding and abetting claim fails because Plaintiff has not alleged sufficient facts to demonstrate that Done had actual knowledge of the tech companies' alleged misuse of Plaintiff's information.

**D. PLAINTIFF CANNOT STATE A CLAIM UNDER THE CALIFORNIA CONSTITUTION OR COMMON LAW INVASION OF PRIVACY – INTRUSION UPON SECLUSION**

Plaintiff's Opposition concedes that Plaintiff willingly shared his information with Done. Plaintiff's claims are based on Done's alleged sharing of that information after Plaintiff willingly provided it. As stated in Defendant's opening brief, this Court dismissed with prejudice similar claims under New York law in *Marden v. LMND Medical Group, Inc*., 2024 WL 4448684, at *5 (N.D. Cal. 2024): "The complaint does not allege that Lemonaid intruded into Plaintiffs' private affairs, but instead alleges that Plaintiffs disclosed health information to Lemonaid that was improperly transmitted to Google and Facebook. That is a claim about Lemonaid's disclosure, not about how Lemonaid obtained the information."

As in *Marden,* Plaintiff does not allege that Done "intruded into the plaintiff's private affairs." Rather, the complaint here alleges that Plaintiff voluntarily disclosed information to Done that was improperly transmitted to third party tech companies. That allegation is insufficient to state a claim, and these claims for relief should be dismissed.

**E. PLAINTIFF'S CLAIM FOR BREACH OF CONFIDENCE FAILS**

The tort of breach of confidence "is based upon the concept of an implied obligation or contract between the parties that confidential information will not be disclosed." *Berkla v. Corel*

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET, SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371 FACSIMILE: (510) 900-9381

*Corp.*, 302 F.3d 909, 917 (9th Cir. 2002). "There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time." *Id.; accord, Wal–Noon Corp. v. Hill,* 45 Cal.App.3d 605, 612 (Cal.App. 1975). Here, Plaintiff alleges facts sufficient to infer the existence of an express agreement between the parties. Complaint, ¶¶ 17, 30-32. Accordingly, Plaintiff's claim for breach of confidence fails.

Plaintiff argues that because he has not brought a claim for breach of contract, the above preclusion does not apply. However, Plaintiff's allegations are sufficiently related to the existence of an express contract as to preclude Plaintiff's implied contract basis for this tort claim.

## II. CONCLUSION

For each of the reasons set forth above and in Defendant's opening brief, the Court should enter an Order dismissing each of the claims in Plaintiff's Complaint without leave to amend.

Date: January 10, 2025

MOUND COTTON WOLLAN & GREENGRASS LLP

By: /s/ Lawrence Hecimovich
Jonathan Gross
Lawrence Hecimovich
Attorneys for Defendant
DONE GLOBAL, INC.