UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M. H.,

Plaintiff,

v.

DONE GLOBAL INC,

Defendant.

Case No. 24-cv-03040-RFL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 28

Plaintiff M. H. ("Plaintiff") alleges that Defendant Done Global, Inc. ("Done"), a telehealth company that provides mental health treatment options for individuals with Attention Deficit Hyperactivity Disorder ("ADHD"), unlawfully embedded tracking technologies into its website that surreptitiously intercepted and disclosed its patients' health information to third parties without their knowledge and consent. He now brings suit on behalf of himself, a nationwide class, and a California subclass for violations of the California Invasion of Privacy Act ("CIPA") and Unfair Competition Law ("UCL"), invasion of privacy under Article I, Section 1 of the California Constitution, common law intrusion upon seclusion, and breach of confidence.

Done moves to dismiss the Class Action Complaint ("Complaint") for failure to state a claim. (Dkt. No. 28.) The motion to dismiss is **DENIED IN PART AND GRANTED IN PART WITH LEAVE TO AMEND**. The Complaint adequately alleges that Done violated CIPA, invaded patients' privacy, and breached patients' confidence by using tracking technologies it knew would secretly transmit sensitive health information to third parties for ad retargeting purposes. However, Plaintiff fails to sufficiently allege a UCL injury under either a

benefit of the bargain or diminution in value theory. This ruling assumes the reader is familiar with the facts, applicable law, and the arguments made by the parties.

***CIPA Claim***. Plaintiff's CIPA claim is adequately pled. To plead a violation of § 631(a), Plaintiff must allege sufficient facts to show that Done either (1) engaged in intentional wiretapping; (2) willfully read "the contents or meaning" of a communication without consent; (3) attempted to use or communicate information obtained as a result of engaging in the previous two activities; or (4) aided another in any of the previous three activities. Cal. Penal Code § 631(a). Plaintiff's theory is that Done is liable under the fourth clause of § 631(a) because Done "aid[ed], employ[ed], and agree[d] with, and conspire[ed] with Meta, TikTok, Snapchat, Google, and other third-party technology companies to track and intercept Plaintiff's and the Class Members' communications while using [Done's] Website." (Complaint ¶ 145.)

To establish Done's derivative liability under the fourth clause of § 631(a), Plaintiff must first show that the third-party companies engaged in conduct prohibited by the first, second, or third clause. Plaintiff sufficiently alleged—and Done does not dispute—that the third parties' conduct violated the second clause of § 631(a). That clause has three requirements: (1) the "absence of consent" of all parties to the communication; (2) eavesdropping by a third-party nonparticipant to the communication; and (3) an interception of the communication "while in transit." *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 756 (N.D. Cal. 2023). As to the first element, Plaintiff alleges he never consented to Done's disclosure of his inquiries about ADHD treatment to third-party tech companies. (Complaint ¶ 16.) Plaintiff further alleges that Done's privacy policy fails to explicitly notify Plaintiff that Done planned to share his personal health information with those third parties. (Complaint ¶¶ 30–32.) As for the second element, Plaintiff adequately alleges that these third parties were non-participants to the communication between Plaintiff and Done because they independently monetize the intercepted data. (Complaint ¶¶ 54, 74, 76–77, 81.) Lastly, Plaintiff sufficiently pleads the third element by alleging that the tracking tools at issue contemporaneously duplicate and transmit to the third-party companies the same communications intended for and directed to Done (Complaint ¶¶ 52,

62, 83). *See also Doe v. Eating Recovery Ctr. LLC*, No. 23-CV-05561-VC, 2024 WL 2852210, at *1 (N.D. Cal. June 4, 2024).

Plaintiff also alleges facts sufficient to show that Done acted with the requisite knowledge and intent to "aid[]" those third parties in violating § 631(a); namely, that Done possessed "both knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Smith v. YETI Coolers, LLC*, No. 24-CV-01703-RFL, 2024 WL 4539578, at *4 (N.D. Cal. Oct. 21, 2024). The Complaint alleges that Done purposefully installed these tracking technologies—which Done knew would invisibly transmit a user's website communications to third-party companies to facilitate ad retargeting—to optimize its own advertising and marketing. (Complaint ¶¶ 40–42, 67, 72–74, 76–77, 81, 90, 91.)

Done's challenges to Plaintiff's CIPA claim do not justify dismissal. Done's first two arguments—that CIPA only applies to third-party interception of communications and that CIPA's first clause does not apply to internet communications—are inapposite because Plaintiff alleges a theory of derivative, not direct, liability for facilitating third parties' violation of CIPA's second clause. Done also contends that because the third-party technology companies are necessary parties to this suit, Plaintiff's failure to name them as defendants necessitates dismissal under Rule 19(a) of the Federal Rules of Civil Procedure. This argument is raised for the first time on reply and is therefore waived.

***Invasion of Privacy and Intrusion Upon Seclusion Claims***. Plaintiff sufficiently pleads claims for invasion of privacy under the California Constitution and common-law intrusion upon seclusion. These two claims have similar elements, and when considering them together, courts assess whether the plaintiff has pleaded (1) a reasonable expectation of privacy and (2) whether the intrusion was highly offensive. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020).

The Complaint plausibly alleges that Plaintiff had a reasonable expectation of privacy in his health-related communications with Done (Complaint ¶¶ 114–17, 157–59), and that Done's

alleged intrusion by disclosing personal health information to third parties was highly offensive. *Katz-Lacabe v. Oracle Am., Inc.*, No. 22-cv-04792-RS, 2023 WL 2838118, at *7 (N.D. Cal. Apr. 6, 2023) (finding allegations that defendant collected vast amounts of data, including "sensitive health and personal safety information," from plaintiffs was sufficient to plead a "highly offensive" intrusion to withstand dismissal under Rule 12(b)(6)). Moreover, this issue is generally not suitable for determination on the pleadings. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 606 ("The ultimate question of whether Facebook's tracking and collection practices could highly offend a reasonable individual is an issue that cannot be resolved at the pleading stage.").

Done argues that its conduct cannot amount to an "intrusion" because Plaintiff willingly shared his information with Done, and therefore the third parties, not Done, are responsible for any alleged intrusion. Done's own conduct in obtaining Plaintiff's medical information may not have intruded on Plaintiff's seclusion.[1] Here, though, Plaintiff does not base his claim solely based on Done's own alleged intrusion, but also separately alleges that Done "permitted unauthorized third parties to intrude" on Plaintiff's affairs by purposefully embedding tracking tools facilitating such intrusion. (Complaint ¶¶ 160, 175.) Such an allegation plausibly states a claim that Done knew the third parties' "conduct constitute[d]" an intrusion on seclusion and gave "substantial assistance" to them to so act. *See In re First All. Mortg. Co.*, 471 F.3d 977, 993 (9th Cir. 2006) (summarizing California's common law rule imposing liability for intentional torts of another).

***Breach of Confidence Claim***. Plaintiff sufficiently pleads a breach of confidence claim. "To prevail on a claim for breach of confidence under California law, a plaintiff must demonstrate that: (1) the plaintiff conveyed confidential and novel information to the defendant; (2) the defendant had knowledge that the information was being disclosed in confidence; (3)

---

[1] *See Marden v. LMND Med. Grp., Inc.*, No. 23-CV-03288-RFL, 2024 WL 4448684, at *5 (N.D. Cal. July 3, 2024) (dismissing intrusion on seclusion claim alleging liability based on health care website's *own* intrusion, when information at issue was voluntarily disclosed to the website).

there was an understanding between the defendant and the plaintiff that the confidence be maintained; and (4) there was a disclosure or use in violation of the understanding." *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1227 (9th Cir. 1997) (cleaned up). Because a breach of confidence claim is based on an implied or quasi-contract theory, a party cannot prevail at trial on claims for both breach of an express contract and breach of confidence based on the same agreement. *See Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002).

Done first contends that Plaintiff's breach of confidence claim is precluded because Plaintiff alleges the existence of an express agreement between the parties. This argument does not provide a basis for dismissal. While Plaintiff does allege that the privacy notices on Done's website were misleading, Plaintiff does not allege the existence of an express contract between the parties nor any cause of action based on breach of contract. *See B.K. v. Desert Care Network*, No. 223CV05021SPGPDX, 2024 WL 1343305, at *10 (C.D. Cal. Feb. 1, 2024) (denying motion to dismiss breach of confidence claim involving disclosure of medical information when the plaintiff made no allegations of breach of contract). Moreover, Plaintiff may pursue quasi-contract and contract theories in the alternative at the pleading stage. *See* Fed. R. Civ. P. 8(d)(2)–(3).

Done further argues that Plaintiff fails to allege sufficient facts supporting a plausible inference of a breach of confidence. But the Complaint alleges that (1) Plaintiff conveyed confidential information related to his mental health (Complaint ¶¶ 4, 15, 33, 184); (2) the "Notice of HIPAA Privacy Practices," which stated that Done was "prohibited from using or disclosing your [private health information] for marketing purposes," created an understanding between the parties that the information was disclosed in confidence and that confidence would be maintained (Complaint ¶¶ 32, 185); and (3) Done disclosed this information to third parties through its use of tracking tools (Complaint ¶¶ 33, 35, 65–66, 68, 82–92, 187). These allegations are adequate to plead a breach of confidence claim.

***UCL Claim***. Plaintiff fails to allege loss of money or property as required to bring a

claim under the UCL.[2] The Complaint alleges two theories of injury: (1) loss of the benefit of the bargain, as Plaintiff would have used the services of another healthcare provider or sought consideration from Done for the use of his private data had he known about Done's disclosures and (2) diminution in value of Plaintiff's private data by making it available for free to third parties for their use in marketing and advertising. (Complaint ¶¶ 201–02.)

Plaintiff's benefit-of-the-bargain theory fails because he does not allege that he paid money to Done. While the Complaint alleges that Plaintiff "visited Done's Website" to research treatments, medications, and physicians and "[took] Done's initial mental health assessment" (Complaint ¶ 15), there are no allegations that he had to pay money to do so. *See Wesch v. Yodlee, Inc.*, No. 20-cv-05991-SK, 2021 WL 1399291, at *6 (N.D. Cal. Feb. 16, 2021) (holding that plaintiffs had not alleged that they "surrender[ed] more or acquir[ed] less in a transaction than they otherwise would have" for purposes of UCL standing where they had not paid money to the defendant).

Furthermore, the diminution-in-value theory is not plausibly alleged. The Complaint states generally that "[t]here is [] a market for data in which consumers can participate" and "[s]everal companies have products through which they pay consumers for a license to track their data." (Complaint ¶¶ 107–08.) At the same time, Plaintiff describes the health information at issue as highly sensitive, such that its disclosure would be highly offensive (Complaint ¶ 177), which suggests that Plaintiff would not have sold that information. *See Toy v. Life Line Screening of Am. Ltd.*, No. 23-CV-04651-RFL, 2024 WL 1701263, at *1 (N.D. Cal. Mar. 19, 2024). Plaintiff offers no factual allegations supporting a plausible inference that he would have sold the information, or that his health information has lost value as a result of Done's alleged disclosure. *See Lau v. Gen Digital Inc.*, No. 22-CV-08981-RFL, 2024 WL 1880161, at *4 (N.D. Cal. Apr. 3, 2024).

---

[2] Plaintiff also fails to address Done's UCL standing arguments in its opposition, which provides an independent basis for dismissal. *See Tatum v. Schwartz*, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) (holding plaintiff "tacitly concede[d] this claim by failing to address defendants' argument in her opposition").

Accordingly, Done's motion to dismiss is **GRANTED WITH LEAVE TO AMEND** as to Plaintiff's UCL claim and **DENIED** as to Plaintiff's CIPA, invasion of privacy, intrusion upon seclusion, and breach of confidence claims. If Plaintiff wishes to file an amended complaint correcting the deficiencies identified above, counsel shall do so within **21 days of the date of this Order**. The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: February 26, 2025

RITA F. LIN
United States District Judge