**ZIMMERMAN REED LLP**
Ryan J. Ellersick (SBN 357560)
ryan.ellersick@zimmreed.com
Jessica Liu (SBN 358713)
jessica.liu@zimmreed.com
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780; Fax (877) 500-8781

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

M.H., individually, and on behalf of those similarly situated,

Plaintiff,

v.

DONE GLOBAL, INC.,

Defendant.

Case No. 24-cv-03040-RFL

**PLAINTIFF'S OPPOSITION TO DONE GLOBAL, INC.'S MOTION FOR ADMINISTRATIVE RELIEF**

Pursuant to the Court's Order dated June 12, 2025 (Dkt. 49), Plaintiff M.H. respectfully submits this Opposition to Defendant Done Global Inc.'s Motion for Administrative Relief requesting that the Court set a case management conference regarding potential arbitration. Because Defendant acknowledges that Plaintiff's claims are not presently subject to arbitration, the Court need not set a case management conference to discuss preserving Defendant's ability to compel arbitration at a future date.

As the party seeking arbitration, Defendant would have the burden of "proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). Defendant acknowledges that "it would be futile to move to compel arbitration against" Plaintiff because Defendant cannot meet its burden of proving the existence of an agreement to arbitrate. *See* Dkt. 48, June 11, 2025, Letter from Done Global, Inc. at 2. And because Defendant cannot compel Plaintiff to arbitrate his claims, the issue of whether Defendant has waived its

right to pursue arbitration is beside the point. Simply put, it seems unnecessary to hold a case management conference to discuss "preservation" of a right Defendant acknowledges it does not have.

Defendant also raises what it calls "a potential conflict" between prospective class members who may be subject to arbitration and those, like Plaintiff, who are not. Plaintiff disagrees that any "potential conflict" exists between Plaintiff and certain class members, but Defendant's argument is premature in any event because the time to raise such issues is at class certification, not the inception of discovery. Even at class certification, however, Defendant's argument is unlikely to gain traction, because "[t]he fact that some members of a putative class may have signed arbitration agreements or released claims against a defendant does not bar class certification." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 681 (N.D. Cal. 2011).

For these reasons, Plaintiff respectfully submits that a case management conference is unnecessary to discuss the arbitration issues raised in Defendant's letter.

Respectfully submitted,

**ZIMMERMAN REED LLP**

Dated June 18, 2025

By: */s/ Ryan Ellersick*

Ryan J. Ellersick (SBN 357560)
ryan.ellersick@zimmreed.com
Jessica Liu (SBN 358713)
jessica.liu@zimmreed.com
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780; Fax (877) 500-8781