**LATHAM & WATKINS LLP**
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Francis J. Acott (Bar No. 331813)
*francis.acott@lw.com*
Catherine A. Rizzoni (Bar No. 322267)
*cat.rizzoni@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Third-Party Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

M.H., individually, and on behalf of those similarly situated,

Plaintiff,

v.

DONE GLOBAL, INC.,

Defendant.

---

DONE GLOBAL, INC.,

Third Party Plaintiff,

v.

META PLATFORMS INC.,

Third Party Defendant.

Case No. 3:24-cv-03040-RFL

**THIRD-PARTY DEFENDANT META PLATFORMS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION**

Date: January 27, 2026
Time: 10:00 a.m.
Court: Courtroom 15, 18th Floor
Hon. Rita F. Lin

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on January 27, 2026, at 10:00 a.m. in Courtroom 15 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Third-Party Defendant Meta Platforms, Inc. ("Meta") will and hereby does move the Court for an order to stay the proceedings against Meta pending resolution of Meta's concurrently filed Motion to Compel Arbitration and Stay Proceedings ("Arbitration Motion").

This motion is based on Meta's Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the concurrently filed declaration of Catherine A. Rizzoni, the pleadings and papers on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

**STATEMENT OF RELIEF SOUGHT**

Defendant Meta Platforms, Inc. ("Meta"), respectfully requests that the Court enter an Order staying proceedings (including discovery) as to Done Global's third-party claims against Meta pending the Court's resolution of Meta's Arbitration Motion.

Dated: December 23, 2025

LATHAM & WATKINS LLP

By: /s/ Melanie M. Blunschi

Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Francis J. Acott (Bar No. 331813)
*francis.acott@lw.com*
Catherine A. Rizzoni (Bar No. 322267)
*cat.rizzoni@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Meta Platforms, Inc.*

## TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 3

A. The Claims Against Done Global ..... 3

B. Done Global's Third-Party Complaint ..... 3

C. Done Global's Discovery Requests ..... 3

III. LEGAL STANDARD ..... 5

IV. ARGUMENT ..... 6

A. A Stay Is Necessary To Allow The Court To Resolve The Threshold Question Of Arbitrability Prior To Discovery ..... 6

B. Alternatively, The Court Should Exercise Its Discretion To Stay Proceedings ..... 7

1. The Arbitration Motion Is Potentially Dispositive Of This Case ..... 8

2. The Arbitration Motion Can Be Decided Without Further Discovery ..... 8

3. Meta Would Be Prejudiced Absent a Stay of Proceedings ..... 10

4. A Stay Would Promote Justice And Efficiency ..... 11

V. CONCLUSION ..... 12

## TABLE OF AUTHORITIES

Page's

### CASES

*Arik v. Meyers*,
2020 WL 515843 (D. Nev. Jan. 31, 2020) ........ 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 11

*Atkins v. Amplitude, Inc.*,
2025 WL 2521732 (N.D. Cal. Sept. 2, 2025) ........ 9

*Cal. Crane Sch., Inc. v. Google LLC*,
2022 WL 1271010 (N.D. Cal. Apr. 28, 2022) ........ 8

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000) ........ 9

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023) ........ passim

*Driskill v. Experian Info. Sols., Inc.*,
753 F. Supp. 3d 839 (N.D. Cal. 2024) ........ 9, 10

*Ferrell v. AppFolio, Inc.*,
2024 WL 132223 (C.D. Cal. Jan. 8, 2024) ........ 11

*Flam v. Flam*,
788 F.3d 1043 (9th Cir. 2015) ........ 8

*Found. Church Inc. v. Indep. Specialty Ins. Co.*,
2024 WL 555863 (M.D. Fla. Jan. 4, 2024) ........ 1, 7

*FTX Recovery Trust v. Meerun*,
669 B.R. 575 (Bankr. D. Del. 2025) ........ 1, 7

*Garcia v. Experian Info. Sols., Inc.*,
2024 WL 1117912 (N.D. Cal. Mar. 13, 2024) ........ 5, 6, 8

*Ghazizadeh v. Coursera, Inc.*,
737 F. Supp. 3d 911 (N.D. Cal. 2024) ........ 9, 10

*Hart v. Charter Commc'ns, Inc.*,
814 F. App'x 211 (9th Cir. 2020) ........ 2, 9

*Hernandez et al. v. Event Ticket Center, Inc.*,
2025 WL 3035758 (E.D. Cal. Oct. 30, 2025) ........ 8

*In re Uber Text Messaging*,
2019 WL 8200602 (N.D. Cal. May 30, 2019) ........ 8

*Jones v. Deutsche Bank AG*,
2007 WL 951811 (N.D. Cal. Mar. 28, 2007) ........ 10

*Kangapoda Corp. v. Facebook, Inc.*,
2021 WL 11721658 (D.N.J. Dec. 13, 2021) ........ 10

*Khankin v. JLR San Jose, LLC*,
720 F. Supp. 3d 816 (N.D. Cal. 2024) ........ 11

*Lag Shot LLC v. Facebook, Inc.*,
545 F. Supp. 3d 770 (N.D. Cal. 2021) ........ 2, 10

*Loewen v. Lyft, Inc.*,
2015 WL 12780465 (N.D. Cal. June 12, 2015) ........ 10

*Mahamedi IP Law, LLP v. Paradice & Li, LLP*,
2017 WL 2727874 (N.D. Cal. Feb. 14, 2017) ........ 10

*McMahon v. Meta Platforms, Inc.*,
2023 WL 4546377 (W.D. Wash. July 14, 2023) ........ 10

*Nguyen v. BMW of N. Am., LLC*,
2021 WL 2284113 (S.D. Cal. June 4, 2021) ........ 5, 10

*Olson v. World Fin. Grp. Ins. Agency, LLC*,
2025 WL 2243646 (N.D. Cal. Aug. 6, 2025) ........ 6, 11

*Peter v. DoorDash, Inc.*,
445 F. Supp. 3d 580 (N.D. Cal. 2020) ........ 9

*Ramirez v. Equifax Info. Servs., LLC*,
2024 WL 3259669 (E.D. Tex. July 1, 2024) ........ 1, 7

*Rep. of Nicaragua v. Standard Fruit Co.*,
937 F.2d 469 (9th Cir. 1991) ........ 11

*S.G. v. Epic Games, Inc.*,
796 F. Supp. 3d 614 (N.D. Cal. 2025) ........ 9

*Sarah Car Care, Inc. v. LogistiCare Sols., LLC*,
2023 WL 5378845 (3d. Cir. Aug. 22, 2023) ........ 1, 5, 7

*Simula, Inc. v. Autoliv, Inc.*,
175 F.3d 716 (9th Cir. 1999) ........ 9

*Stiener v. Apple Computer, Inc.*,
2007 WL 4219388 (N.D. Cal. Nov. 29, 2007) ........ 6, 10, 11

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010) ........ 7

**STATUTES**

9 U.S.C. § 4 ........ 3, 12

**RULES**

Fed. R. Civ. P. 1 ........ 6, 11

Fed. R. Civ. P. 14 ........ 3

Local Rule 30-1 ........ 2

## I. INTRODUCTION

Meta requests that this Court stay further proceedings regarding Done Global's third-party claims against Meta pending the resolution of Meta's Motion to Compel Arbitration and Stay Proceedings ("Arbitration Motion"). Dkt. 88. A stay is required by the principles that the Supreme Court set forth in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) and, alternatively, is an appropriate exercise of this Court's discretion.

In *Coinbase*, the Supreme Court held that a district court must stay proceedings pending appeal of a motion to compel arbitration, and it explained the necessity of staying proceedings while questions of arbitrability are pending: "[i]f the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along." *Id.* at 743. Courts around the country have recognized that the logic supporting a stay in *Coinbase* applies with equal force while the parties await a decision on a motion to compel arbitration. *See, e.g.*, *Sarah Car Care, Inc. v. LogistiCare Sols., LLC*, 2023 WL 5378845, at *2 (3d. Cir. Aug. 22, 2023) (vacating denial of protective order to stay case pending motion to compel arbitration because "[r]equiring the parties to undergo full discovery without a clear decision regarding the motion to compel may erase the 'benefits of arbitration'") (quoting *Coinbase*); *FTX Recovery Trust v. Meerun*, 669 B.R. 575, 577 (Bankr. D. Del. 2025) (applying *Coinbase* and granting stay pending ruling on motion to compel arbitration to avoid "unnecessarily subject[ing] [parties] to the very complexities, inconveniences and expenses of litigation that they determined to avoid") (internal quotations and citations omitted); *Ramirez v. Equifax Info. Servs., LLC*, 2024 WL 3259669, at *2-3 (E.D. Tex. July 1, 2024) (applying *Coinbase* to grant stay pending resolution of motion to compel arbitration); *Found. Church Inc. v. Indep. Specialty Ins. Co.*, 2024 WL 555863, at *1-2 (M.D. Fla. Jan. 4, 2024) (same). The need for a stay is acute here, where Done Global served dozens of discovery requests and a sprawling 30(b)(6) deposition notice (unilaterally set for January 2026, in violation of Local Rule 30-1) that is largely untethered to arbitration issues *after* Meta advised that it would move to compel arbitration.

As in *Coinbase*, forcing Meta to engage in discovery before the Court has resolved the threshold question of arbitrability would undermine Meta's contractual right—and Done Global's prior agreement—to submit this dispute to arbitration. It would also erode the benefits of arbitration—speed, efficiency, and cost-savings—that the Federal Arbitration Act ("FAA") is designed to protect, impose burdens and costs that the parties' arbitration agreement was meant to avoid, and entangle the Court in merits and discovery issues reserved for the arbitrator. In contrast, a short stay would ensure the benefit of the parties' bargain inherent in the commitment to arbitrate and would not prejudice Done Global since its claims will be adjudicated before the arbitrator, who can address whatever discovery may be appropriate.

A stay is alternatively and independently appropriate under the ordinary exercise of the Court's discretion, as the Arbitration Motion is dispositive of Done Global's claims against Meta in this Court, and it can be decided without further discovery. Indeed, there is no basis even for arbitration-related discovery: the FAA permits discovery in connection with an arbitration motion *only* if "'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Hart v. Charter Commc'ns, Inc.*, 814 F. App'x 211, 214 (9th Cir. 2020) (quoting 9 U.S.C. § 4). Here, Done Global has not identified a genuine dispute about arbitrability. Courts have repeatedly upheld the arbitration agreement in Meta's Commercial Terms as enforceable. *See, e.g.*, *Lag Shot LLC v. Facebook, Inc.*, 545 F. Supp. 3d 770, 777-82 (N.D. Cal. 2021). And as explained in the Declaration of Michael P. Duffey in support of Meta's Arbitration Motion, it is not possible for an advertiser (such as Done Global) to purchase ads without clicking a button confirming their acceptance to the Commercial Terms containing the arbitration agreement. Done Global has not disputed this; in fact, its counsel has represented that it is his understanding that Done Global clicked a button to buy ads. On this record, the Court can decide the questions presented in Meta's Arbitration Motion without any discovery. Meta has nevertheless agreed in good faith to provide Done Global with copies of the relevant agreements and click-through flows, but any further discovery is unwarranted and improper.

For these reasons, Meta requests that the Court stay all proceedings regarding Done Global's third-party claims against Meta pending resolution of Meta's Arbitration Motion.

## II. BACKGROUND

### A. The Claims Against Done Global

In May 2024, Plaintiff filed a putative class action complaint against Done Global, an online telehealth provider, who Plaintiff alleges "surreptitiously intercepted, recorded, and disclosed" his personal health information and personally identifiable information with Meta, TikTok, Snapchat, and Google through Done Global's use of these third parties' website analytics tools on the www.donefirst.com website. Dkt. 1 ("Pl's Compl.") ¶¶ 1, 92. Plaintiff asserted causes of action against Done Global under various privacy and consumer statutes, as well as for common law torts. Plaintiff did not name Meta, TikTok, Snapchat, or Google as defendants in the Complaint, but alleged that Done Global had violated the California Invasion of Privacy Act ("CIPA") by "aiding, employing, agreeing with, and conspiring with Meta, TikTok, Snapchat, [and] Google … to track and intercept" Plaintiff's communications. *Id.* ¶ 145. Done Global moved to dismiss the Complaint, Dkt. 28, which the Court denied for all but one claim. Dkt. 42.

### B. Done Global's Third-Party Complaint

In July 2025, more than a year after the case was originally filed, Done Global filed a third-party complaint against Meta, Dkt. 58, which it then amended on September 22, 2025, Dkt. 65 ("TPC"). Done Global's TPC purports to assert claims against Meta for (1) equitable indemnity; (2) equitable contribution; (3) violation of CIPA § 631; (4) common law invasion of privacy; (5) Federal Rule of Civil Procedure 14[1]; (6) declaratory relief; and (7) negligent misrepresentation. *Id.* ¶¶ 83-152. As detailed in Meta's Arbitration Motion, Done Global's claims arise out of or relate to its use of the Meta Pixel for commercial purposes and are therefore subject to arbitration in accordance with Meta's Commercial Terms.

### C. Done Global's Discovery Requests

On October 22, 2025, Done Global served Meta with fifty requests for production of documents and fifteen interrogatories. Rizzoni Decl. ¶¶ 1-2; Exs. 1-2.[2] Done Global's discovery

---

[1] Though denominated a "cause of action" in the TPC, Federal Rule of Civil Procedure 14 does not give rise to an independent claim.

[2] All references to Exhibits refer to those attached to the concurrently filed Declaration of Catherine Rizzoni in support of Meta's Motion to Stay.

requests are burdensome and overbroad: they seek documents and information concerning a wide range of topics from Meta's operations and technical infrastructure to all of Meta's responses to requests for admissions in other litigation, as well as documents concerning "[a]ll Meta internal memoranda and communications concerning the privacy implications of and concerns related to the Meta Pixel. *See, e.g.*, Ex. 1 at Request 29, 44, 47.

On November 14, 2026, Meta explained to Done Global that Meta intended to file a motion to compel arbitration of its claims against Meta and to request a meet and confer. Rizzoni Decl. ¶ 6. Meta and Done Global met and conferred on November 17, 2025, to discuss the applicability of the arbitration agreement in Meta's Commercial Terms to Done Global's claims in the hopes to avoid motion practice. *Id.* ¶ 7. Following that meet and confer, Meta shared a letter with Done Global outlining its position and with a draft stipulation to extend Meta's responsive pleading deadline to accommodate the parties' discussions about arbitration. *Id.* ¶¶ 8, 10. Done Global agreed to extend the deadline for the arbitration motion to facilitate discussions but refused to continue the deadline for Meta to respond to the requests until after a decision on the Arbitration Motion. *Id.* ¶ 9. Without waiving any right to compel arbitration, Meta served its initial objections and responses to Done Global's first set of discovery requests, and its initial disclosures, on December 5, 2025. *Id.* ¶ 11.

On December 9, 2025, the parties scheduled another meet and confer for December 15, 2025. *Id.* ¶¶ 12-13. But on December 10, 2025, Done Global served Meta with a second set of requests for production of documents which seek a broad swath of documents it claims relate to the arbitration agreement. *Id.* ¶ 3. The following day, December 11, 2025—and notwithstanding that Meta's responses are not due until January 9, 2026—Done Global sent Meta an email attaching a list of two dozen discovery requests "on which Done intends to meet and confer," including requests that were just served the day before. *Id.* ¶ 14. Done Global attached a file titled "EXH. A to Judge Lin letter(2905607.1).docx," which simply restated certain of Done Global's discovery requests (22 document requests and 2 interrogatories). *Id.* On December 15, 2026, the parties held another meet and confer. *Id.* ¶ 15. During the December 15 meet and confer, Meta believed it had come to an agreement with Done Global that Done Global would agree to defer discovery

until after Meta had filed its Arbitration Motion and sent Done Global an email confirming its understanding. *Id.* Done Global responded by serving a 30(b)(6) deposition notice on Meta and asserting that it intended to raise the deposition request (and various other discovery requests) with the Court in an imminent joint discovery letter brief. *Id.* ¶¶ 4, 16-17; Ex. 5. On December 22, counsel for the Parties met and conferred about Done Global's discovery requests and were able to resolve most disputes for the time. *Id.* ¶ 18. Though Meta disputes that Done Global has made the threshold showing that it is entitled to arbitration discovery (including because it does not dispute that it clicked the button to purchase ads), Meta agreed in good faith to produce copies of the relevant agreements supporting the arbitration agreement. *Id.*

## III. LEGAL STANDARD

A stay pending a motion to compel arbitration is necessary to preserve the benefits of arbitration. As the Supreme Court explained in *Coinbase*, "[i]f the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along." *Coinbase*, 599 U.S. at 743. This logic has been applied by courts around the country to require a stay of discovery pending resolution of a motion to compel arbitration. *See, e.g.*, *Sarah Car Care*, 2023 WL 5378845, at *2 ("[r]equiring the parties to undergo full discovery without a clear decision regarding the motion to compel may erase the 'benefits of arbitration'") (citation omitted).

A stay is independently appropriate under the ordinary standards for a discretionary stay because (1) the pending motion is potentially dispositive, and (2) the motion to compel arbitration can be decided without additional discovery. *See, e.g.*, *Garcia v. Experian Info. Sols., Inc.*, 2024 WL 1117912, at *1-2 (N.D. Cal. Mar. 13, 2024) (staying proceedings and discovery pending motion to compel); *Nguyen v. BMW of N. Am., LLC*, 2021 WL 2284113, at *3-4 (S.D. Cal. June 4, 2021) (same). This two-factor test requires a court to take a "preliminary peek" at the merits of the pending motion. *Garcia*, 2024 WL 1117912, at *1 (citation omitted). As part of this analysis, courts in this Circuit also consider other factors in determining whether a stay is warranted,

including whether the advantages of arbitration would be lost and other prejudice to the defendant in the absence of a stay, potential prejudice to the plaintiff, and the interests of the judicial system in the fair and efficient administration of justice. *See, e.g.*, *Olson v. World Fin. Grp. Ins. Agency, LLC*, 2025 WL 2243646, at *1 (N.D. Cal. Aug. 6, 2025) (granting stay to "serve the parties' interests in conserving resources and the court's interest in securing just, speedy and inexpensive resolutions of cases before it" and where declining to grant stay "could undermine the potential efficiencies of arbitration") (citing Fed. R. Civ. P. 1); *Garcia*, 2024 WL 1117912, at *2 (applying two-factor test but also considering whether a stay would be "prejudicial or inefficient"); *Stiener v. Apple Computer, Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (granting a short stay to "conserv[e] the resources of the parties").

## IV. ARGUMENT

A stay pending resolution of the Arbitration Motion is required by the principles the Supreme Court set forth in *Coinbase*, which held that a district court must stay proceedings pending appeal of a motion to compel so that "many of the asserted benefits of arbitration" are not lost. *Coinbase*, 599 U.S. at 743. In addition, a stay is warranted even under the ordinary standard for a discretionary stay, as the Arbitration Motion is dispositive and can be resolved without further discovery, and permitting the Court to address threshold questions of arbitrability first will conserve judicial and party resources and will not prejudice any party.

### A. A Stay Is Necessary To Allow The Court To Resolve The Threshold Question Of Arbitrability Prior To Discovery

The principles that the Supreme Court set forth in *Coinbase* require a brief stay of these proceedings to allow the Court to address the Arbitration Motion. In *Coinbase*, the Supreme Court explained the necessity of staying proceedings while questions of arbitrability are pending, noting that, "[i]f the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along." *Coinbase*, 599 U.S. at 743. Courts around the country have recognized that the holding in *Coinbase* applies

with equal force while the parties await a decision on a motion to compel arbitration. *See*, *e.g.*, *Sarah Car Care*, 2023 WL 5378845, at *2 (vacating denial of protective order to stay the case pending motion to compel arbitration because "[r]equiring the parties to undergo full discovery without a clear decision regarding the motion to compel may erase the 'benefits of arbitration'") (citation omitted); *FTX Recovery Trust v. Meerun*, 669 B.R. 575, 577 (Bankr. D. Del. 2025) (applying *Coinbase* and granting stay pending ruling on motion to compel arbitration to avoid "unnecessarily subject[ing] [parties] to the very complexities, inconveniences and expenses of litigation that they determined to avoid") (internal quotations and citations omitted); *Ramirez v. Equifax Info. Servs., LLC*, 2024 WL 3259669, at *2-3 (E.D. Tex. July 1, 2024) (applying *Coinbase* to grant stay pending resolution of motion to compel arbitration); *Found. Church Inc v. Indep. Specialty Ins. Co.*, 2024 WL 555863, at *1-2 (M.D. Fla. Jan. 4, 2024) (same).

A stay is likewise necessary here. *Coinbase* and the many decisions following it recognize that forcing Meta to litigate the merits of Done Global's claims and engage in discovery on those claims before its Arbitration Motion has been decided would erode the benefits of arbitration—speed, efficiency, and cost-savings—that the FAA is designed to protect, and impose burdens and costs that the parties' arbitration agreement was meant to avoid. The Supreme Court has long recognized that arbitration is intended to grant the parties "lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010) (citation omitted). Judicial efficiency is best served when a case potentially subject to arbitration does not continue to be litigated in district court until arbitrability has been finally decided. *Coinbase*, 599 U.S. at 743.

### B. Alternatively, The Court Should Exercise Its Discretion To Stay Proceedings

A discretionary stay pending resolution of Meta's Arbitration Motion is independently appropriate here because: (1) the Arbitration Motion is dispositive of the entire case as it would require that this dispute be resolved in arbitration, (2) the Arbitration Motion can be resolved without discovery, (3) Done Global will not be prejudiced by a short stay whereas requiring Meta to litigate Done Global's claims and engage in burdensome discovery—which is the province of the arbitrator—will prejudice Meta, and (4) a stay promotes justice and efficiency.

1. The Arbitration Motion Is Dispositive Of The Case Before This Court

A motion to compel arbitration is a dispositive motion because it "has the practical impact of putting the parties effectively out of federal court." *In re Uber Text Messaging*, 2019 WL 8200602, at *2 (N.D. Cal. May 30, 2019) (internal quotations and citation omitted); *see also Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015) (holding that courts adopts "a functional approach that look[s] to the effect of the motion, in order to determine whether it is properly characterized as 'dispositive or non-dispositive'") (citation omitted). "[G]ranting a motion to compel arbitration does not simply change the forum for resolution of a dispute, it changes the nature and process of that resolution. Potentially depriving a party of the ability to litigate in a court renders a motion to compel arbitration dispositive" for purposes of determining whether a stay is appropriate. *Arik v. Meyers*, 2020 WL 515843, at *1-2 (D. Nev. Jan. 31, 2020) (staying discovery pending resolution of motion to compel arbitration); *see also Hernandez et al. v. Event Ticket Center, Inc.*, 2025 WL 3035758, at *3 (E.D. Cal. Oct. 30, 2025) (same and collecting cases).

A "preliminary peek" at the merits of Meta's Arbitration Motion confirms this conclusion. *Garcia*, 2024 WL 1117912, at *2. As detailed in the Arbitration Motion, Done Global repeatedly manifested its assent to the arbitration agreement in Meta's Commercial Terms, which numerous courts have upheld as enforceable, and which encompasses each of Done Global's claims against Meta. Mot. at 8-10. The Arbitration Motion is therefore sufficiently meritorious to support the conclusion that it is potentially dispositive. *See Garcia*, 2024 WL 1117912, at *2 (granting motion to stay pending resolution of motion to compel arbitration).

2. The Arbitration Motion Can Be Decided Without Further Discovery

Discovery is not needed to rule on Meta's Arbitration Motion. The Arbitration Motion is supported by a sworn declaration from Meta, over a dozen exhibits, and multiple screenshots showing how Done Global repeatedly agreed to the Commercial Terms. *See* Dkt. 88. The issues presented by Meta's motion—namely, whether Done Global assented to the arbitration agreement in Meta's Commercial Terms—turn on the text of the governing agreements and the declaration and exhibits accompanying the Motion, and thus can be resolved on the record before the Court. *See Cal. Crane Sch., Inc. v. Google LLC*, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022)

(explaining that "no additional discovery would help" resolve motion to compel arbitration that only raised "narrow legal issues about the scope of Google's arbitration provisions").

Notably, the factual record on the Arbitration Motion is substantially similar to the record before other courts in this District that have compelled arbitration. *See, e.g.*, *Atkins v. Amplitude, Inc.*, 2025 WL 2521732, at *4 (N.D. Cal. Sept. 2, 2025) (declaration attaching terms of service that all users agreed to); *S.G. v. Epic Games, Inc.*, 796 F. Supp. 3d 614, 618 (N.D. Cal. 2025) (declaration attaching agreements that all users had to accept before playing Fortnite); *Ghazizadeh v. Coursera, Inc*., 737 F. Supp. 3d 911, 929-30 (N.D. Cal. 2024) (declaration describing the sign-up flow whereby users of website manifested assent to website's terms of use and arbitration clause in sign-up wrap agreement); *Peter v. DoorDash, Inc*., 445 F. Supp. 3d 580, 582-83 (N.D. Cal. 2020) (declaration attaching relevant agreements and showing all users had to agree to terms).

Done Global does not get a free pass to discovery by labeling its requests as seeking "arbitration discovery." For starters, many of Done Global's requests have nothing to do with arbitration. *See, e.g.*, Rizzoni Decl. Ex. 1 at Request No. 12 (seeking "[c]ommunications, advertisements or solicitations from Meta concerning privacy rights, tracking or potential legal action made available to M.H. or to Done."). And in any event, the FAA authorizes discovery in connection with a motion to compel *only* if "'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Hart*, 814 F. App'x at 214 (quoting 9 U.S.C. § 4 and affirming the denial of request for discovery). To the extent Done Global claims that it needs discovery in order to respond to the Arbitration Motion, it must identify specific "issues relating to the making and performance of the agreement to arbitrate." *Simula, Inc. v. Autoliv, Inc*., 175 F.3d 716, 726 (9th Cir. 1999); *see Chiron Corp. v. Ortho Diagnostic Sys., Inc*., 207 F.3d 1126, 1131 (9th Cir. 2000). And the discovery sought must be narrowly tailored to the information potentially relevant to that dispute. *See Driskill v. Experian Info. Sols., Inc.*, 753 F. Supp. 3d 839, 848-49 (N.D. Cal. 2024).

Done Global has not and cannot identify a factual dispute related to its agreement to arbitrate. Meta has repeatedly asked Done Global to provide its basis for contesting the arbitrability of this dispute, and Done Global has not done so. Nor can it. The evidence submitted

in connection with Meta's Arbitration Motion shows that advertisers (like Done Global) cannot buy ads without clicking a button adjacent to which is a disclosure informing them that by clicking the button, they agree to be bound by Meta's Commercial Terms. *See* Mot. at 4, 8-10. And Done Global's counsel has conceded that it understands that Done Global clicked a button to buy ads. Rizzoni Decl. ¶ 18. There is simply no need for discovery on this record, where an advertiser cannot buy an ad without agreeing to the Commercial Terms, and the Commercial Terms have been upheld on numerous occasions. *See, e.g.*, *McMahon v. Meta Platforms, Inc.*, 2023 WL 4546377, at *2-3 (W.D. Wash. July 14, 2023) (enforcing Commercial Terms to compel arbitration); *Lag Shot*, 545 F. Supp. 3d at 777-82 (same); *Kangapoda Corp. v. Facebook, Inc.*, 2021 WL 11721658, at *1-5 (D.N.J. Dec. 13, 2021) (same). Further discovery would not help the court analyze the questions before it: whether Done Global agreed to arbitrate and whether the dispute falls within the arbitration agreement's scope. *See, e.g.*, *Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911, 937 (N.D. Cal. 2024) (declining discovery into contract formation issues where the motion to compel arbitration could be determined on the record and such discovery "would not be useful to the court"); *Driskill*, 753 F. Supp. 3d at 848-49 (N.D. Cal. 2024) (similar); *Loewen v. Lyft, Inc.*, 2015 WL 12780465, at *3-5 (N.D. Cal. June 12, 2015) (similar).

3. <u>Meta Would Be Prejudiced Absent a Stay of Proceedings</u>

Meta will suffer prejudice if it is required to engage in discovery while the Arbitration Motion is pending. If Meta's "motion to compel is granted, litigation will proceed in an arbitral forum, not in this Court. And '[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators[.]'" *Stiener*, 2007 WL 4219388, at *1 (citation omitted). Because discovery is the province of the arbitrator, requiring Meta to "engage in discovery that may not be permitted or accepted later if the matter is sent to arbitration would be prejudicial[.]" *Nguyen*, 2021 WL 2284113, at *4; *see also Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases and granting stay pending resolution of motion to compel); *Jones v. Deutsche Bank AG*, 2007 WL 951811, at *1 (N.D. Cal. Mar. 28, 2007) ("A party claiming a right to arbitrate can persuasively argue that it should not be exposed to the risk that it will have unnecessarily begun discovery should arbitration subsequently

be compelled.”). Where, as here, the plaintiff’s claims are arbitrable, the “merits of the claim[s] and any defenses” are likewise the province of the arbitrator. *Rep. of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991). Meta should not have to expend the time and resources to engage in discovery while the arbitration question is pending. *See Coinbase*, 599 U.S. at 743.

By contrast, a short stay will not prejudice Done Global. Done Global litigated this case for over one year before asserting third-party claims against Meta, underscoring that there is no urgency requiring immediate discovery. And as explained *supra*, none of this discovery is necessary to answer the questions before the Court: whether Done Global assented to the arbitration agreement in Meta’s Commercial Terms and whether Done Global’s claims fall within the agreement’s scope. But even if it were otherwise, Done Global has not “unlock[ed] the doors of discovery” from Meta merely by filing claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Khankin v. JLR San Jose, LLC*, 720 F. Supp. 3d 816, 833 (N.D. Cal. 2024) (rejecting plaintiffs’ argument that they needed discovery in connection with opposing a motion to dismiss because they “are not entitled to such discovery unless they can plausibly state a claim” which they had not done). If the matter is sent to arbitration, merits briefing and discovery will proceed there, and Done Global will suffer no prejudice in the meantime.

4. <u>A Stay Would Promote Justice And Efficiency</u>

Finally, a stay promotes the interests of justice and efficiency. Courts routinely grant stays pending the resolution of a motion to compel arbitration because doing so conserves judicial resources and serves the Court’s interest in “securing just, speedy, and inexpensive resolutions of cases before it.” *Olson*, 2025 WL 2243646, at *1; *see also, e.g.*, *Stiener*, 2007 WL 4219388, at *1 (collecting cases and holding that a “short stay” furthers “the interests of convenience the resources of the parties” and the court and Federal Rule of Civil Procedure 1).

So too here. Proceeding with merits briefing and discovery before the Court has resolved the arbitration question would “undermine the potential efficiencies of arbitration and lead to inconsistent results.” *Olson*, 2025 WL 2243646, at *1. By contrast, a limited stay pending resolution of the Arbitration Motion “would help to prevent duplicative and inefficient litigation.” *Ferrell v. AppFolio, Inc.*, 2024 WL 132223, at *2 (C.D. Cal. Jan. 8, 2024).

## V. CONCLUSION

For the reasons stated above, Meta respectfully requests that the Court stay the proceedings regarding Done Global's third-party claims against Meta pending the resolution of Meta's concurrently filed Arbitration Motion.

Dated: December 23, 2025

LATHAM & WATKINS LLP

By: */s/ Melanie M. Blunschi*

Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Francis J. Acott (Bar No. 331813)
*francis.acott@lw.com*
Catherine A. Rizzoni (Bar No. 322267)
*cat.rizzoni@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant*
*Meta Platforms, Inc.*